# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Robert L. Jackson, | CASE NO. 1:18 CV 570 |
| Petitioner, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| | <u>Memorandum of Opinion and Order</u> |
| Warden Brigham Sloan, | |
| Respondent. | |

## Background

*Pro se* Petitioner Robert L. Jackson has filed a Petition Under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus*. (Doc. No. 1.) He challenges his 1995 conviction of robbery pursuant to a guilty plea in the Cuyahoga County Court of Common Pleas. *See State of Ohio v. Robert L. Jackson*, CR-95-326993 (Cuy. Cty. Ct. Cm. Pls.)

Petitioner indicates he did not pursue a direct appeal of his conviction, but that he filed a post-conviction motion to vacate judgment in the trial court in April 2016, over twenty years after he was convicted. Although the Petitioner appears to indicate his post-conviction motion is still pending, the public docket in his criminal case indicates that the trial court denied his motion on November 17, 2016. (*See* CR-95-326993 docket, November 17, 2016 Journal Entry).

Petitioner seeks to assert the same grounds in this Petition that he raised in his state-

court motion for post-conviction relief. Petitioner has filed motion to proceed *in forma pauperis* (Doc. No. 2), which the Court construes, and grants, only as pertaining to his Petition in this Court.

**Standard of Review and Discussion**

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases Under § 2254, a district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the district court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds the Petition must be dismissed. The doctrine of procedural default prevents federal *habeas* courts from reviewing federal claims that the state courts declined to address because of a petitioner's failure to comply with state procedural requirements. Ohio has a rule that claims must be raised on direct appeal if possible; otherwise, the doctrine of *res judicata* bars their litigation in subsequent state proceedings. *See Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007). Accordingly, a claim is procedurally defaulted if a petitioner raises it for the first time in an Ohio post-conviction petition, and the Ohio court actually enforces its procedural rule. *Id*.

Although the state trial court summarily denied Petitioner's motion for post-conviction relief in its November 17, 2016 Journal Entry, this Court must assume the state court did so on the basis of the state's procedural rule requiring that claims be presented on direct appeal. *See*

*Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) (where the state court is silent as to its reason for denying post-conviction relief, "we will assume that had the state court addressed petitioner's . . . claim, it would not have ignored its own procedural rules and would have enforced the procedural bar"). Therefore, Petitioner's claims are procedurally defaulted.

A federal court will not consider a procedurally defaulted claim on *habeas corpus* review unless the petitioner establishes adequate cause to excuse his failure and actual prejudice to him. *See Riggins v. McMackin,* 935 F.2d 790, 793 (6th Cir. 1991). No such showing is reasonably suggested on the face of the Petition. Petitioner has not alleged why his particular default should be excused.

**Conclusion**

Accordingly, the Petition is denied and this action is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge
                                            Chief Judge

Dated: 4/9/18